IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY RICHARDSON,<br># 24042749 | §<br>§<br>§ | |
| Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | No. 3:24-cv-3098-B-BN |
| CITY OF MESQUITE COUNTY JAIL,<br>et al., | §<br>§<br>§<br>§ | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Richardson, a pretrial detainee housed at the Dallas County

Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Dallas County,

the City of Mesquite, and the Dallas County Jail. Plaintiff has been granted leave to

proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, until judgment is entered

in this case. *See* Dkt. No. 5. Because Plaintiff is proceeding *in forma pauperis*, his

complaint is before the undersigned United States Magistrate Judge for screening

under 28 U.S.C. § 1915(e)(2)(B). And, for the reasons stated below, the undersigned

recommends that Plaintiff's complaint be dismissed with prejudice.

**Background**

Plaintiff's complaint, submitted on the court's standard prisoner form and

accompanied by several handwritten continuation pages, is difficult to parse.

Liberally construed, however, it raises three general areas of concern: (1) conditions

of confinement (including medical care and food provided) at the City of Mesquite jail

and, later, the Dallas County Jail; (2) alleged deficiencies in the Dallas County Jail grievance process; and (3) dissatisfaction with the pace of his criminal proceedings. *See* Dkt. No. 3 at 2-4.

As to his conditions of confinement, Plaintiff alleges that he is a chronic care inmate with a history of blood clots. *See id.* at  3. During his initial four-day detention at the Mesquite jail, he claims he received no medication and was not arraigned before being transferred to another facility. After the transfer, he was sent to the emergency room, where he claims a new blood clot was discovered in his arm, which he attributes to the lack of treatment at Mesquite. He further claims that the meals provided at the Mesquite jail did not meet a 2,600-calorie daily standard, describing a typical day's food as a honey bun for breakfast, two slices of bread and one slice of meat for lunch, and two bread portions and one meat slice for dinner. *See id.*

Plaintiff also challenges the jail's grievance procedures. He states that the Dallas County Jail does not use the required "602 forms" and instead routes all requests through a kiosk system. *See id.* at 4.  Under this system, grievances allegedly lack tracking numbers and there is no record of who submitted them or who responded. He further asserts that the appeals process does not function properly.

Plaintiff also states that he requested a speedy trial on two occasions (October 14 and October 19, 2024) and was instructed both times to speak with his attorney. *See id.* at 4. He expresses frustration with the pace of prosecution in Dallas County, attaching a letter from his appointed counsel at the Dallas County Public Defender's Office. The letter identifies two pending criminal cases against Plaintiff, Cause Nos.

F2440899 and F2432525, and describes the general process of criminal prosecution, plea negotiations, and trial scheduling. *See id.* at 5.

Plaintiff seeks $3,000 in monetary damages for what he characterizes as intentional misconduct related to his medical care and mental anguish.

### Legal Standard

Because Plaintiff proceeds *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

### I.    Plaintiff Fails to State a Claim for Relief Under Section 1983

To state a claim under Section 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See, e.g., Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

Here, Plaintiff's allegations do not present a short and plain statement of any claim as required by Federal Rule of Civil Procedure 8. The complaint consists of disjointed statements regarding jail food portions, alleged medical issues, grievance

procedures, and timeliness of his criminal proceedings. But it does not clearly identify what constitutional rights were violated, by whom, or how.

As explained below, each of Plaintiff's claims rests on a legally meritless theory, either because the constitutional right asserted does not exist, because the proper vehicle for relief lies elsewhere, or because the allegations are too conclusory to support any cognizable claim.

### A. Plaintiff fails to allege deliberate indifference to serious medical needs

A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment and is governed by the deliberate indifference standard. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996). That standard requires a plaintiff to show that jail officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Deliberate indifference is an "extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752 (5th Cir. 2001)). A prison official acts with deliberate indifference only when "he knows that inmates face a substantial risk of serious bodily harm and [then] disregards that risk by failing to take reasonable measures to abate it." *Id.* at 346 (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).

Plaintiff alleges that he is a chronic care inmate with a history of blood clots, that he received no medication during his four-day detention at the Mesquite jail, and that a new blood clot was subsequently discovered in his arm, which he attributes to

the absence of treatment. *See* Dkt. No. 3 at 3. These allegations are conclusory and do not state a plausible constitutional claim.

Plaintiff does not identify any specific defendant who knew of his medical condition and chose to withhold care. He does not describe what medication or treatment he required, whether he informed any jail official or medical provider of his needs, or whether any person with actual knowledge of his condition deliberately failed to act. Without such facts, the complaint does not permit a reasonable inference that any named defendant was deliberately indifferent to a serious medical need. *Iqbal*, 556 U.S. at 678.

This claim does not meet the deliberate indifference standard and should be dismissed.

### B. Plaintiff fails to allege a constitutional violation based on jail food

To the extent Plaintiff challenges jail food, Plaintiff's allegation that meals do not total a preferred caloric amount, without more, does not plausibly show that the food provided was constitutionally inadequate.

The Constitution requires that inmates receive "well-balanced meal[s], containing sufficient nutritional value to preserve health." *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (cleaned up). But a plaintiff must allege facts showing that the food provided was deficient in a manner that posed a serious risk to health. *See id.* at 770-71. A preference for larger portions or a higher caloric allotment does not, without more, establish a constitutional violation. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (finding that missing eight meals without evidence of adverse

physical effects, such as weight loss or health risks, did not rise to the level of an Eighth Amendment violation).

Plaintiff alleges that meals at the Mesquite jail did not meet a 2,600-calorie daily standard and describes the general content of each meal. *See* Dkt. No. 3 at 3. But he does not allege that the food was nutritionally inadequate in any medically significant sense, that he suffered any physical harm attributable to the meals, or that any defendant knew of and was deliberately indifferent to a resulting health risk.

Because Plaintiff's allegations amount to no more than dissatisfaction with the quantity of food provided, they do not plausibly establish a constitutional violation and must be dismissed.

And, so, Plaintiff fails to allege facts supporting any constitutional violation.

### C. Plaintiff's allegations regarding the grievance process do not state a constitutional claim

Plaintiff also asserts deficiencies in the jail's grievance procedures. *See* Dkt. No. 3 at 4. But there is no freestanding constitutional right to an effective prison or jail grievance process. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). This is because the Constitution does not guarantee any particular grievance mechanism, and a failure to follow internal grievance procedures does not, standing alone, give rise to a federal constitutional claim. *See id.* at 374; *see also Hines v. Graham*, 320 F. Supp. 2d 511, 520 (N.D. Tex. 2004) (Stating that "the ineffectiveness or even absence of a grievance procedure does not give rise to a constitutional claim." (cleaned up)).

Plaintiff claims that the Dallas County Jail routes requests through a kiosk system rather than using "602 forms," that grievances lack tracking numbers, and that there is no record of who submitted or responded to them. *See* Dkt. No. 3 at 4. Even accepting these allegations as true, they do not implicate any constitutional right, but merely Plaintiff's dissatisfaction with the jail's grievance process.

Plaintiff's assertion does not state a cognizable claim under Section 1983 and must be dismissed.

## D. Plaintiff's complaints regarding criminal proceedings are not cognizable under Section 1983

To the extent Plaintiff seeks relief related to the pace of his prosecution or the scheduling of his trial, those claims are not properly raised in a civil rights action. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

Federal courts must also abstain from interfering with ongoing state criminal proceedings where the state has an important interest in the prosecution, the plaintiff has an adequate opportunity to raise federal constitutional claims in the state forum, and no extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Plaintiff does not allege any facts suggesting that the state forum is inadequate to address his concerns or that any extraordinary circumstance warrants federal intervention, and so abstention is appropriate here.

Insofar as Plaintiff's allegations can be read to assert a speedy trial claim, that claim belongs in his criminal case and not in a civil rights action seeking money damages. And, to the extent Plaintiff challenges the fact or duration of his confinement, habeas corpus – not Section 1983 – is the exclusive federal remedy, but

only after he has first exhausted his available state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005).

Because Plaintiff's criminal proceedings were ongoing at the time he filed this complaint and because the proper avenue for these complaints lies elsewhere, this claim must be dismissed.

## Recommendation

Under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii), the Court should dismiss with prejudice Plaintiff's claims for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: April 3, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE